ROBERT E. LEVY, ESQ. (011501976)
**SCARINCI & HOLLENBECK, LLC**
1100 VALLEY BROOK AVENUE
P.O. BOX 790
LYNDHURST, NEW JERSEY 07071-0790
Telephone: (201) 896-4100
*Attorneys for Plaintiffs*

| | |
|---|---|
| JAMES MAHONEY and GLORIA MAHONEY,<br><br>PLAINTIFFS,<br><br>VS.<br><br>STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, MORRIS COUNTY, MORRIS COUNTY PROSECUTOR'S OFFICE, TOWNSHIP OF DENVILLE, CHRISTOPHER E. KLEIN, FREDRIC KNAPP, DOE CORPORATIONS 1-10, and DOE INDIVIDUALS 1-10.<br><br>DEFENDANTS. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br><br>DOCKET NO. _____<br><br><u>Civil Action</u><br><br>**COMPLAINT & JURY DEMAND** |

Plaintiffs James and Gloria Mahoney ("**Plaintiffs**"), by way of complaint against the defendants State of New Jersey, New Jersey Department of Corrections, Morris County, Morris County Prosecutor's Office, Morris County Correctional Facility, Township of Denville, Christopher E. Klein, Fredric Knapp, Doe Corporations 1-10, and Doe Individuals 1-10 (collectively "**Defendants**"), assert and allege:

**Parties**

1. Plaintiff James Mahoney is a Morris County resident having an address at 14 Highland Trail, Denville, New Jersey 07834.

EXHIBIT A

2. Plaintiff Gloria Mahoney is a Morris County resident having an address at 14 Highland Trail, Denville, New Jersey 07834.

3. Defendant State of New Jersey is a State subject to the jurisdiction of this State with a mailing address at 20 West State Street, 6th Floor, Trenton, NJ 08625.

4. Defendant New Jersey Department of Corrections is a New Jersey Corporation having a mailing address at Whittlesey Road, P.O. Box 863, Trenton, NJ 08625

5. Defendant Morris County is a County located in the State of New Jersey with a mailing address at 10 Court Street, Morristown, NJ 0796.

6. Defendant Morris County Prosecutor's Office ("**MCPO**") is an entity located in Morristown, New Jersey with a mailing address at 10 Court Street, P.O. Box 900, Morristown, NJ 07965.

7. Defendant Morris County Correctional Facility ("**Correctional Facility**") is a jail located in Morristown, New Jersey with a mailing address at 43 John Street, Morristown, New Jersey 07960.

8. Defendant Township of Denville is a municipality located in Morris County with a mailing address at 1 Saint Mary's Place, Denville, New Jersey 07834.

9. Warden Christopher E. Klein is an individual who is, or at all relevant times herein, was a warden of defendant the Correctional Facility.

10. Prosecutor Fredric Knapp is an individual who, at all relevant times herein, was the Morris County Prosecutor.

11. Doe Corporations 1-10 are corporate entities presently unknown, located in Morris County, that intentionally and willfully or negligently contributed to the harm to Plaintiffs.

12. Doe Individuals 1-10 are individuals presently unknown employees or contractors that intentionally and willfully or negligently contributed to the harm to Plaintiffs.

## Venue and Jurisdiction

13. Jurisdiction in Morris County, New Jersey is proper as Plaintiffs and Defendants are all located in Morris County or otherwise directed their conduct into Morris County.

14. Jurisdiction is also proper in Morris County as the injurious conduct occurred in Morris County.

15. Venue in Morris County is proper as Plaintiffs and Defendants are all located in Morris County.

## Factual Allegations Common to All Counts

16. On or about July 20, 2018, Mr. Mahoney was incarcerated in the Correctional Facility.

17. Mr. Mahoney has a documented medical history of epilepsy, seizures, and heart conditions that require him to take daily prescription medication.

18. Mrs. Mahoney submitted all required medical paperwork to the Morris County Correctional Facility in order for daily prescription medication to be administered.

19. Plaintiffs both believed that Mr. Mahoney would be provided adequate, necessary medical care as a result.

20. On or about March 3, 2019, Mr. Mahoney was rushed to the Morristown Medical Center's Intensive Care Unit with respiratory failure.

21. Mr. Mahoney's respiratory failure was the result of not having received his required medication from the Correctional Facility.

22. Mrs. Mahoney was not alerted to her husband's condition at that time.

3

23. However, Mrs. Mahoney called the Correctional Facility on March 4, 2019 to speak with her husband; she was told he was unable to come to the phone. She was not provided a reason or explanation.

24. Mr. Mahoney was in a coma and required a feeding and breathing tube for approximately eight (8) to ten (10) days.

25. At no time was Mrs. Mahoney notified of her husband's hospitalization or condition by any Defendant named in this matter.

26. On March 4, 2019, Mrs. Mahoney was notified of her husband's hospitalization and condition when she received a phone call from the Morristown Medical Center.

27. On or about March 5, 2019, the MCPO moved *ex parte* to have Mr. Mahoney's sentence vacated.

28. On or about March 5, 2019, municipal court Judge Gerard Smith issued an order discharging Mr. Mahoney and suspending his one-hundred eighty (180) day sentence.

29. Upon information and belief, this discharged was not processed by the facility until March 14, 2019.

30. On or about May 23, 2019, Plaintiffs served a notice of tort claim pursuant to N.J.S.A. 59:1-1 *et seq.* on all Defendants.

31. As a matter of State and Federal Constitutional Law, Defendants Morris County and the Morris County Correctional Facility had a duty to provide adequate medical care to Mr. Mahoney.

32. Defendants had a duty to provide adequate care for Mr. Mahoney; they should not be permitted to avoid that duty by prematurely terminating his sentence.

33. As a result of the above, Mr. Mahoney experienced both short term and permanent injuries, including short-term memory loss and an inability to drive, work, or function outside of the home without assistance.

34. As a result of these above, Plaintiffs have incurred hospital bills and medical costs.

35. As a result of the above, Mr. Mahoney is reliant on Mrs. Mahoney for care and assistance in his normal, daily tasks.

36. As a result of the above, Mrs. Mahoney has suffered the loss of her husband's services, companionship, and comfort.

## Count I

(New Jersey Civil Rights Act – Violations of Federal Constitution)

37. Each allegation set forth above is incorporated as if fully set forth herein

38. The New Jersey Civil Rights Act provides a right to a private cause of action for violations of either the State or Federal Constitutions.

39. Plaintiff Mr. Mahoney has an Eighth Amendment Right under the Federal Constitution to be free from cruel and unusual punishment inflicted by a state actor.

40. Defendants are State or Municipal Agencies, or individuals working for State or Municipal Agencies, and are therefore state actors.

41. Defendants had an obligation under the Eighth Amendment to provide Plaintiff Mr. Mahoney with adequate medical care.

42. Defendants were aware that Plaintiff Mr. Mahoney required daily medications.

43. Defendants failed to provide adequate medical care by failing to provide Mr. Mahoney with his daily required medications.

44. This failure constitutes a deprivation of Mr. Mahoney's constitutional rights.

4844-8833-3791, v. 1

45. Defendants actions in failing to provide the required medications despite knowledge of that need evidences a deliberate indifference to the substantial risk of harm Mr. Mahoney that shocks the conscience.

46. The substantial risk of harm Mr. Mahoney faced in not receiving his medications was completely disregarded by Defendants, who failed to take any reasonable measures to prevent the harm.

47. As a result of Defendants' constitutional deprivation, Mr. Mahoney sustained serious and permanent injuries, pain and suffering, and emotional distress.

48. As a result of Defendants' constitutional deprivation, Mr. Mahoney incurred and continues to incur substantial medical and related costs.

49. As a result of Defendants' constitutional deprivation, Mr. Mahoney has incurred and continues to incur lost wages.

## Count II

(New Jersey Civil Rights Act – Violations of Federal Constitution)

50. Each allegation set forth above is incorporated as if fully set forth herein

51. The New Jersey Civil Rights Act provides a right to a private cause of action for violations of either the State or Federal Constitutions.

52. Plaintiff Mr. Mahoney has a Fourteenth Amendment Right under the Federal Constitution to life, liberty, and property.

53. Defendants are State or Municipal Agencies, or individuals working for State or Municipal Agencies, and are therefore state actors.

54. State actors shall not deprive any individual of life, liberty, or property without due process.

4844-8833-3791, v. 1

55. Defendants failed to provide adequate medical care by failing to provide Mr. Mahoney with his daily required medications.

56. This failure constitutes a deprivation of Mr. Mahoney's constitutional right to life and liberty.

57. Defendants actions in failing to provide the required medications despite knowledge of that need evidences a deliberate indifference to the substantial risk of harm Mr. Mahoney that shocks the conscience.

58. The substantial risk of harm Mr. Mahoney faced in not receiving his medications was completely disregarded by Defendants, who failed to take any reasonable measures to prevent the harm.

59. As a result of Defendants' constitutional deprivation, Mr. Mahoney sustained serious and permanent injuries, pain and suffering, and emotional distress.

60. As a result of Defendants' constitutional deprivation, Mr. Mahoney incurred and continues to incur substantial medical and related costs.

61. As a result of Defendants' constitutional deprivation, Mr. Mahoney has incurred and continues to incur lost wages.

## Count III

(New Jersey Civil Rights Act – Violations of State Constitution)

62. Each allegation set forth above is incorporated as if fully set forth herein.

63. The New Jersey Civil Rights Act provides a right to a private cause of action for violations of either the State or Federal Constitutions.

64. Plaintiff Mr. Mahoney has a right to be free from cruel and unusual punishment under the New Jersey Constitution, Article I, ¶12.

4844-8833-3791, v. 1

65. Defendants are State or Municipal Agencies, or individuals working for State or Municipal Agencies, and are therefore state actors.

66. Defendants had an obligation under the New Jersey Constitution to provide Plaintiff Mr. Mahoney with adequate medical care.

67. Defendants were aware that Plaintiff Mr. Mahoney required daily medications.

68. Defendants failed to provide adequate medical care by failing to provide Mr. Mahoney with his daily required medications.

69. This failure constitutes a deprivation of Mr. Mahoney's constitutional rights.

70. Defendants actions in failing to provide the required medications despite knowledge of that need evidences a deliberate indifference to the substantial risk of harm Mr. Mahoney that shocks the conscience.

71. The substantial risk of harm Mr. Mahoney faced in not receiving his medications was completely disregarded by Defendants, who failed to take any reasonable measures to prevent the harm.

72. As a result of Defendants' constitutional deprivation, Mr. Mahoney sustained serious and permanent injuries, pain and suffering, and emotional distress.

73. As a result of Defendants' constitutional deprivation, Mr. Mahoney incurred and continues to incur substantial medical and related costs.

74. As a result of Defendants' constitutional deprivation, Mr. Mahoney has incurred and continues to incur lost wages.

## Count IV

(New Jersey Civil Rights Act – Violations of State Constitution)

75. Each allegation set forth above is incorporated as if fully set forth herein

4844-8833-3791, v. 1

76. The New Jersey Civil Rights Act provides a right to a private cause of action for violations of either the State or Federal Constitutions.

77. Plaintiff Mr. Mahoney has a right to enjoy and defend life and liberty; acquire, possess, and protect property, and pursue and obtain safety and happiness under the New Jersey Constitution, Article I, ¶ 1.

78. Defendants are State or Municipal Agencies, or individuals working for State or Municipal Agencies, and are therefore state actors.

79. Plaintiff Mr. Mahoney has a right to be free from State interference with his above articulated rights.

80. Defendants failed to provide adequate medical care by failing to provide Mr. Mahoney with his daily required medications.

81. This failure constitutes a deprivation of Mr. Mahoney's constitutional right to life and liberty, as well as his rights to obtain safety and happiness.

82. Defendants actions in failing to provide the required medications despite knowledge of that need evidences a deliberate indifference to the substantial risk of harm Mr. Mahoney that shocks the conscience.

83. The substantial risk of harm Mr. Mahoney faced in not receiving his medications was completely disregarded by Defendants, who failed to take any reasonable measures to prevent the harm.

84. As a result of Defendants' constitutional deprivation, Mr. Mahoney sustained serious and permanent injuries, pain and suffering, and emotional distress.

85. As a result of Defendants' constitutional deprivation, Mr. Mahoney incurred and continues to incur substantial medical and related costs.

4844-8833-3791, v. 1

86. As a result of Defendants' constitutional deprivation, Mr. Mahoney has incurred and continues to incur lost wages.

## Count V

(Negligence)

87. Each allegation set forth above is incorporated as if fully set forth herein.

88. Defendants had a duty to provide adequate medical care to Plaintiff Mr. Mahoney pursuant to the State and Federal Constitutions.

89. Defendants breached that duty by failing to provide Mr. Mahoney with his required daily medications.

90. This breach directly caused Mr. Mahoney substantial harm, including but not limited to, medical damages, pain and suffering, and emotional damages.

91. Plaintiff in no way contributed to the harms alleged herein.

92. As a direct result of Defendants' breach, Mr. Mahoney sustained serious and permanent injuries, pain and suffering, and emotional distress.

93. As a direct result of Defendants' breach, Mr. Mahoney incurred and continues to incur substantial medical and related costs.

94. As a direct result of Defendants' breach, Mr. Mahoney has incurred and continues to incur lost wages.

## Count VI

(Negligent Infliction of Emotional Distress)

95. Each allegation set forth above is incorporated as if fully set forth herein.

96. As set forth above, Defendants had a constitutionally imposed duty to provide Plaintiff Mr. Mahoney with adequate medical care.

4844-8833-3791, v. 1

97. Defendants breached that duty by failing to provide Mr. Mahoney with his required daily medications

98. As a result of Defendants negligence, Plaintiff Mr. Mahoney has suffered a serious emotional distress.

### Count VII

(Loss of Consortium)

99. Each allegation set forth above is incorporated as if fully set forth herein.

100. As more fully set forth above, Plaintiff Mr. Mahoney suffered severe injuries due to the negligence of the Defendants.

101. Due to Mr. Mahoney's medical condition, inflicted upon him by Defendants' negligence, he is limited in what he can contribute to the home both functionally and financially.

102. Plaintiff's Mrs. Mahoney and Mr. Mahoney enjoy a marital relationship.

103. As a result of that negligence, Mrs. Mahoney has suffered the loss of her husband's services, companionship, and comfort.

104. As a result of that negligence, Mrs. Mahoney, jointly with her husband, has incurred debt relating to medical expenses.

### Count VIII

(Negligent Infliction of Emotional Distress)

105. Each allegation set forth above is incorporated as if fully set forth herein.

106. As more fully set forth above, Plaintiff Mr. Mahoney suffered severe injuries due to the negligence of the Defendants.

107. Plaintiff's Mrs. Mahoney and Mr. Mahoney enjoy a marital relationship.

4844-8833-3791, v. 1

108. Due to Mr. Mahoney's medical condition, inflicted upon him by Defendants' negligence, he is limited in what he can contribute to the home both functionally and financially.

109. Mrs. Mahoney observed her husband's hospitalization and has subsequently observed his daily life, including but not limited to, the limitations her husband now suffers as a result of Defendants' negligence.

110. As a result, Plaintiff Mrs. Mahoney has experienced severe emotional distress, as well as the loss of her husband's services, companionship, and comfort, and incurring debt related to her husband's medical expenses.

**WHEREFORE**, Plaintiffs request the Court enter Judgment in their favor and against Defendants as follows:

  a. Compensatory Damages for Plaintiffs' present and future medical costs in an amount to be determined;
  b. Compensatory Damages for Plaintiffs' pain and suffering in an amount to be determined;
  c. Compensatory Damages for Plaintiffs' emotional distress in an amount to be determined;
  d. Compensatory Damages for Plaintiffs' lost wages in an amount to be determined;
  e. Punitive damages;
  f. Attorney's fees and costs; and
  g. Any other relief the Court deems appropriate.

        **SCARINCI & HOLLENBECK, LLC**
        *Attorneys for Plaintiffs*

    By:   */s/ Robert E. Levy*
           ROBERT E. LEVY

Dated: March 4, 2021

4844-8833-3791, v. 1

## RULE 4:5-1 CERTIFICATION

I hereby certify that, to the best of my knowledge, no other action is pending in any Court or arbitration proceeding relating to the matter in controversy. There is no other action or arbitration proceeding contemplated. There is no other party who should be joined in the action.

                                                  **SCARINCI & HOLLENBECK, LLC**
                                                  *Attorneys for Plaintiffs*

                                                  By:   */s/ Robert E. Levy*
                                                               ROBERT E. LEVY

Dated:  March 4, 2021

## CERTIFICATION PURSUANT TO RULE 1:38-7B

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

                                                  **SCARINCI & HOLLENBECK, LLC**
                                                  *Attorneys for Plaintiffs*

                                                  By:   */s/ Robert E. Levy*
                                                               ROBERT E. LEVY

Dated:  March 4, 2021

## JURY DEMAND

The Plaintiffs hereby demand a trial by a jury on all of the triable issues of this complaint, pursuant <u>Rules</u> 1:8-2(b) and 4:35-1(a).

                                                  **SCARINCI & HOLLENBECK, LLC**
                                                  *Attorneys for Plaintiffs*

                                                  By:   */s/ Robert E. Levy*
                                                               ROBERT E. LEVY

Dated:  March 4, 2021

## DESIGNATION OF TRIAL COUNSEL

The Pursuant to <u>R.</u> 4:25-4, Robert E. Levy, Esq. is hereby designated as trial counsel.

                                      **SCARINCI & HOLLENBECK, LLC**
                                      *Attorneys for Plaintiffs*

                              By:   */s/ Robert E. Levy*
                                        ROBERT E. LEVY

Dated: March 4, 2021

4844-8833-3791, v. 1