NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES MAHONEY and GLORIA MAHONEY,<br><br>        Plaintiffs,<br><br>        v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>        Defendants. | Civil Action No. 21-15952<br><br>**OPINION** |

**CECCHI, District Judge**

**I. INTRODUCTION**

This matter comes before the Court by way of two separate motions to dismiss on behalf of defendants Morris County Prosecutor's Office ("MCPO"), Prosecutor Fredric M. Knapp, Morris County (the "County"), Morris County Bureau of Corrections (the "Bureau"), Warden Christopher E. Klein ("Warden Klein"), and Dr. Elmer Gilo ("Dr. Gilo") (collectively, "Defendants") (ECF Nos. 26 and 27) plaintiffs James Mahoney ("J. Mahoney") and Gloria Mahoney's ("G. Mahoney") (collectively, "Plaintiffs") amended complaint (ECF No. 1-2, Ex. B, "Am. Compl."), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs opposed the motion filed on behalf of the County, Bureau, Warden Klein and Dr. Gilo, and also filed a cross-motion to remand. (ECF No. 31). The County replied to Plaintiffs' opposition and opposed the cross-motion. (ECF No. 33). The Court has considered the submissions made in support of and in opposition to the motions and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set

forth below, Plaintiffs' cross-motion to remand this action is granted, and accordingly, the case is remanded to New Jersey state court.[1]

## II. BACKGROUND

### a. Factual Background[2]

This action arises out of J. Mahoney's incarceration in the Morris County Correctional Facility ("MCCF"). Plaintiffs allege that, on or around July 20, 2018, J. Mahoney was incarcerated at MCCF. Am. Compl. ¶ 18. Plaintiffs assert that J. Mahoney had a history of epilepsy, seizures, and heart conditions that required daily prescription medication, of which MCCF and Dr. Gilo, a licensed physician at MCCF, were purportedly aware. *Id.* ¶ 22. Plaintiffs aver that, on March 3, 2019, J. Mahoney was transported to the Morristown Medical Center's Intensive Care Unit with respiratory failure. *Id.* ¶ 26.

Plaintiffs attribute J. Mahoney's respiratory failure to MCCF and Dr. Gilo's failure to provide J. Mahoney with his required medication. *Id.* ¶ 27. Plaintiffs contend that J. Mahoney's wife, G. Mahoney, was not notified of her husband's hospitalization and did not find out until the next day, March 4, 2019, when she received a call from the Medical Center. *Id.* ¶¶ 32–33. J. Mahoney was allegedly comatose for approximately eight to ten days following his hospitalization. *Id.* ¶ 31. As a result, Plaintiffs claim that J. Mahoney has experienced "short-term memory loss and an inability to drive, work, or function outside of the home without assistance." *Id.* ¶ 40.

### b. Procedural Background

On March 4, 2021, Plaintiffs filed a complaint in the Superior Court of New Jersey, Law Division against the State of New Jersey, New Jersey Department of Corrections, Morris County,

---

[1] Because the Court grants Plaintiffs' cross-motion to remand, Defendants' motions to dismiss (ECF Nos. 26, 27) are denied as moot.
[2] The following facts are accepted as true for the purposes of the instant motion to dismiss.

MCPO, Township of Denville, Warden Klein, Prosecutor Knapp, Doe Corporations, and Doe Individuals. *See* ECF No. 1-1, Ex. A. Plaintiffs then filed a nine-count amended complaint on March 11, 2021, adding MCCF, Dr. Gilo, and "Doe Medical Defendants" as defendants. *See generally* Am. Compl. Plaintiffs assert the following: violations of the New Jersey Civil Rights Act ("NJCRA") (Counts 1–4); negligence (Count 5); negligent infliction of emotional distress as to J. Mahoney (Count 6); medical malpractice against Dr. Gilo and the Doe Medical Defendants (Count 7); loss of consortium (Count 8); and negligent infliction of emotional distress as to G. Mahoney (Count 9). *Id.* ¶¶ 44–122.

On August 24, 2021, defendants Morris County, MCCF, Warden Klein, and Dr. Gilo ("MCCF Defendants") filed a notice of removal pursuant 28 U.S.C. §§ 1331 and 1441 *et seq.* asserting that removal was appropriate because some of Plaintiffs' claims arise under the United States Constitution. *See* ECF No. 1. Thereafter, the MCCF Defendants filed a motion to dismiss for failure to state a claim on April 15, 2022. ECF No. 27. Plaintiffs opposed this motion and filed a cross-motion to remand on May 2, 2022 (ECF No. 31), to which the MCCF Defendants replied on May 9, 2022 (ECF No. 33). Separately, MCPO and Prosecutor Knapp ("MCPO Defendants") also filed a motion to dismiss for failure to state a claim on April 14, 2022. ECF No. 26. Plaintiffs did not reply to this motion.

### III.   LEGAL STANDARD

#### A.  Motion to Remand

Federal courts maintain jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded complaint rule" provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

At all stages of litigation, the defendant bears the burden of proving federal jurisdiction is proper. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 465 (D.N.J. 2012) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 393, 396 (3d Cir. 2004)). However, on a motion to remand, the removing party has the burden of establishing the propriety of removal. *Boyer*, 913 F.2d at 111. "A case must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case." *Stephens*, 853 F. Supp. 2d at 465 (citing 28 U.S.C. § 1447(c)). Further, a court "should strictly construe removal statutes and resolve all doubts in favor of remand." *Id.* at 466.

### B. Motion to Dismiss

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

### IV. <u>DISCUSSION</u>

### A. Plaintiff's Cross-Motion to Remand

Although Defendants filed their motions to dismiss before Plaintiffs' cross-motion to remand, the Court is obligated to consider Plaintiffs' cross-motion first because the motion

4

implicates the Court's jurisdiction. *See Newton v. S. Jersey Paper Prods. Co.*, No. 19-cv-17289, 2020 WL 2059954, at *2 (D.N.J. Apr. 29, 2020) (citations omitted).

In most instances, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Here, the parties dispute whether Counts 1 and 2 arise under federal law. Under both these Counts, Plaintiffs list the cause of action as "New Jersey Civil Rights Act – Violations of Federal Constitution." Am. Compl. ¶¶ 44–57. The Counts also specify the underlying constitutional rights that predicate the NJCRA claims. *See id.* ¶ 46 ("Plaintiff Mr. Mahoney has an Eighth Amendment Right under the Federal Constitution to be free from cruel and unusual punishment inflicted by a state actor."), ¶ 59 ("Plaintiff Mr. Mahoney has a Fourteenth Amendment Right under the Federal Constitution to life, liberty, and property.") Plaintiffs further elaborate that Mahoney's injuries were sustained "[a]s a result of Defendants' constitutional deprivation." *Id.* ¶¶ 54, 66.

The MCCF Defendants assert that "the plain language of Plaintiffs' First Amendment Complaints demonstrates the grounds for jurisdiction. Counts I and II expressly cite the Eighth and Fourteenth Amendments," respectively. ECF No. 33 at 2. Conversely, Plaintiffs maintain that Counts 1 and 2 are state law NJCRA claims that merely reference the Constitution. ECF No. 31-3 at 22 (citing *Pena v. Town of Kearny*, No. 13-cv-6644, 2014 WL 1666052, at *2 (D.N.J. Apr. 25, 2014). In *Pena*, as here, the plaintiffs alleged that the defendants were liable under the NJCRA for damages caused by subjecting their son to the deprivation of rights and privileges secured by the Constitution. *Pena*, 2014 WL 1666052, at *1. In granting the motion to remand, the court held that the removing defendants failed to meet their burden of showing that an NJCRA claim predicated on a federal constitutional claim conferred federal jurisdiction. *Id.* at *2 ("Where a state law, like New Jersey's CRA, incorporates a federal standard for reference purposes, it does not transform

the state law claim into a federal question sufficient to invoke § 1331(a)."); *see also Smith v. Smith*, No. 20-cv-9120, 2020 WL 4199782, at *6 n.3 (D.N.J. July 22, 2020) ("Although Plaintiff's NJRCRA claim seeks to vindicate her rights under the federal Constitution, it does not confer federal-question jurisdiction upon this Court."); *Sherman v. Hopewell Twp. Police Dep't*, No. 19-cv-14553, 2020 WL 919682, at *4 (D.N.J. Feb. 26, 2020) (granting motion to remand because "a complaint alleging a federal basis for a NJCRA claim may be nonetheless insufficient to establish federal question jurisdiction"). Thus, even though federal constitutional violations provide the basis for Plaintiffs' NJCRA claims, that alone does not confer jurisdiction on this Court.

Alternatively, federal jurisdiction may also be conferred where a plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 13 (1983). In this limited circumstance, federal jurisdiction is "embedded" in a state claim when the federal issue is: "(1) necessarily raised, (2) actually disputed, and (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)). The MCCF Defendants argue that embedded jurisdiction applies here. ECF No. 33 at 3–9.

In addressing this argument, the Court again finds *Pena* instructive. There, the Court held that "an embedded federal question can only ever support jurisdiction where the resolution of the question 'is significant to the federal system as a whole.'" 2014 WL 1666052, at *2 (citing *Gunn*, 568 U.S. at 264). "[W]hether [p]laintiffs can vindicate federal constitutional rights under the CRA is a heavily fact dependent inquiry that, while significant to the particular parties in the immediate suit, is of little importance to the operation of the federal system itself." *Id.* (internal quotations and citation omitted). Thus, the Court held embedded federal question jurisdiction was not

6

available. *Id.* The Court finds this case analogous, and thus grants Plaintiffs' cross-motion to remand.

V.      **CONCLUSION**

For the reasons set forth above, Plaintiff's cross-motion (ECF No. 31) is granted, and the case is remanded to state court. An appropriate order follows this Opinion.

**DATED**: November 29, 2022

                                               s/ Claire C. Cecchi
                                               **CLAIRE C. CHECCHI, U.S.D.J.**